IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | No.: 4:16-CR-0056 |
| | : | |
| | : | (Judge Brann) |
| v. | : | |
| | : | |
| FRANK PONDER, | : | |
| MARVIN C. POLAND, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

JUNE 7, 2017

## I. BACKGROUND

Defendants Frank Ponder[1] and Marvin C. Poland[2] were charged by way of indictment on March 10, 2016.[3] A superseding indictment was docketed on May 11, 2017.[4] Both Defendants are charged in Count I, conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846; and Count II, distribution/possession with intent to distribute controlled substances in violation of 21 U.S.C. § 841(a)(1). A jury trial is scheduled for June 19, 2017.[5]

---

[1] Hereinafter "Defendant Ponder."
[2] Hereinafter "Defendant Poland."
[3] ECF No. 9.
[4] ECF No. 56.
[5] In each of Defendant Ponder's several pre-trial motions and briefs he makes much of what he claims is the Court's unwillingness to permit him to enter a plea of guilty. Counsel misrepresents the facts. The Government offered Ponder a plea agreement. However, it was

1

On May 19, 2017, Defendant Ponder filed a Motion for Early Disclosure of *Brady* and *Giglio* Material and contemporaneously filed a supporting brief.[6] Defendant Poland concurred in the motion. The Government did not concur, and filed an opposing brief on June 2, 2017.[7] For the reasons that follow, I will grant the motion, in part.

## II. DISCUSSION

The oft cited case, *Brady v. Maryland*,[8] requires the Government to disclose to the defense all exculpatory evidence in its actual or constructive possession. This rule of law has become so well known, that practitioners refer to exculpatory evidence as simply "*Brady* material." The Government violates a defendant's due

---

conditional on Defendant Poland also entering a plea. Poland has exercised his right to a jury trial, and consequently the Government will not sign a plea agreement with Ponder. Ponder decided to plea "open," that is to say, Ponder was willing to plead guilty without the benefit of a plea agreement. On May 5, 2017, a change of plea hearing was scheduled for May 10, 2017. On May 8, 2017, the Government filed an Information pursuant to 21 U.S.C. § 851, to establish prior felony convictions. The result of the May 8, 2017 Information was that it doubled the mandatory minimum term of imprisonment for Ponder. Despite this, Ponder still attempted to enter an open plea on May 10, 2017. That open plea hearing was aborted, as the transcript indicates, ECF No. 78, because I rejected Ponder's guilty plea to Count I, and counsel then advised the Court that she had recommended that Ponder not plead guilty to Count II. ECF No. 28 at 28-29. Counsel subsequently contacted my chambers on May 12, 2017 and indicated that she would like a change of plea hearing scheduled because although her client was not willing to admit the factual basis outlined in Count I, she had changed her argument as to why the Court should accept a plea of guilty to Count I. I did not schedule a plea hearing, as I determined and later explained in my May 12, 2017 Order, ECF No. 65, there would still not be a factual basis underlying Ponder's plea as required by Federal Rule of Criminal Procedure 11(c)(3).
[6] ECF Nos. 83 and 84.
[7] ECF No. 108.
[8] 373 U.S. 83 (1963).

process rights if it does not disclose this material.[9] *Brady* evidence is that which is material, relevant to guilt or punishment, favorable to the accused, and within the possession (either actual or constructive) of those acting on behalf of the Government.[10] The "*Brady* doctrine generally is understood as a rule of minimum fairness."[11] "It establishes a prosecutorial obligation rather than a general rule of pretrial discovery."[12]

In this matter, Defendant Ponder is also requesting early disclosure of Giglio material. The United States Supreme Court held in *Giglio v. United States*[13] that the Government was required to disclose evidence relating to the credibility of a government witness when that witness's credibility was "an important issue in the case."[14] In sum, Defendant Ponder is asking the Court to direct the Government to turn over *Brady*[15] and *Giglio* material two-weeks prior to trial, or no later than June 5, 2017.

---

[9] *Id.*
[10] *Id.*
[11] *United States v. Beech*, 307 F.R.D. 437, 441 (W.D. Pa. 2015), *see also United States v. Higgs*, 713 F.2d 39, 42 (3d Cir.1983), *cert. denied*, 464 U.S. 1048, 104 S.Ct. 725, 79 L.Ed.2d 185 (1984).
[12] *United States v. Beech*, 307 F.R.D. 437, 441 (W.D. Pa. 2015).
[13] 405 U.S. 150 (1972).
[14] *Id.* at 155.
[15] There are two types of *Brady* requests: specific and general. A specific request identifies such things as the specific witness, document or piece of evidence the defense is requesting. The instant request is a general *Brady* request, as it merely asks for *Brady* materially generally.

The Government proffers to the Court that it has already turned over documents and records in discovery, and that the evidence it has remaining in its possession for disclosure is actually Jencks Act material.[16] Jencks Act material, of course, deals with witness statements, and is codified in Title 18 of the United States Code at Section 3500(a). It states in pertinent part that "in any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case."

"Both Brady and the Jencks Act entrust the Government with deciding which evidence might be helpful to its opponent."[17] "It is well-settled that the government's obligations under *Brady* require it to disclose actual exculpatory evidence without undue delay."[18] "A district court has general discretionary authority to order the pretrial disclosure of *Brady* impeachment material and that discretion is to be exercised in a manner which "ensure[s] the effective administration of the criminal justice system."[19] "A defendant's due process rights to a fair trial are not violated where the disclosure of *Brady* impeachment material

---

[16] Govt. Br. ECF No. 108 at 1-4.
[17] *United States v. Whitehead*, 165 F. Supp. 3d 281, 283 (E.D. Pa. 2016).
[18] *United States v. Johnson*, 218 F. Supp. 3d 454, 459 (W.D. Pa. 2016).
[19] *Id.*

4

occurs in time to be used effectively, subsequent cases by the Third Circuit have reiterated and encouraged adherence to the long-standing policy of promoting the early production of all types of *Brady* material, including impeachment [] materials."[20] However, "the government has no obligation to produce Jencks material until the witness has testified."[21]

### III. CONCLUSION

Here, the Government is willing to disclose the material remaining in its possession early, although not quite as early as the defense requests. I agree with the Government's position that "this matter is not particularly complex and the allegations of the two-count indictment are rather straightforward."[22] The Government is willing to, and, accordingly, I will order and direct it to turn the material over to the defense no later than June 16, 2017 at 2:00 p.m.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[20] *Id.*
[21] *United States v. Long-Parham*, 183 F. Supp. 3d 746, 751 (W.D. Pa. 2016) *citing United States v. Maury*, 695 F.3d 227, 248 (3d Cir.2012).
[22] ECF No. 108 at 4.