# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | No.: 4:16-CR-0056 |
| | : | |
| | : | (Judge Brann) |
| v. | : | |
| | : | |
| FRANK PONDER, | : | |
| MARVIN C. POLAND, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

### JUNE 12, 2017

## I. BACKGROUND

Defendants Frank Ponder[1] and Marvin C. Poland[2] were charged by way of indictment on March 10, 2016.[3] An information against each defendant establishing prior convictions of felony drug offense pursuant to 21 U.S.C. §851 was filed on May 8, 2017.[4] A superseding indictment was returned by a grand jury on May 11, 2017.[5] Both Defendants are charged in Count I, conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846; and Count II,

---

[1] Hereinafter "Defendant Ponder."
[2] Hereinafter "Defendant Poland."
[3] ECF No. 9.
[4] ECF Nos. 53 and 54.
[5] ECF No. 56.

1

distribution/possession with intent to distribute controlled substances in violation of 21 U.S.C. § 841(a)(1). A jury trial is scheduled for June 19, 2017.[6]

On May 26, 2017, Defendant Ponder filed a Motion "to dismiss the superseding indictment and the 21 U.S.C. § 851 information or, in the alternative, dismiss the superseding indictment and direct the government to withdraw the 21 U.S.C. § 851 information for vindictive prosecution" and contemporaneously filed a supporting brief.[7] On June 1, 2017, Defendant Poland filed a notice that he joined in the motion.[8] The Government did not concur, and filed an opposing brief on June 2, 2017.[9] Defendant Ponder filed a reply brief on June 8, 2017.[10]

---

[6] In each of Defendant Ponder's several pre-trial motions and briefs he makes much of what he claims is the Court's unwillingness to permit him to enter a plea of guilty. Counsel misrepresents the facts. The Government offered Ponder a plea agreement. However, it was conditional on Defendant Poland also entering a plea. Poland has exercised his right to a jury trial, and consequently the Government will not sign a plea agreement with Ponder. Ponder decided to plea "open," that is to say, he was willing to plead guilty without the benefit of a plea agreement. A change of plea hearing was scheduled for May 10, 2017. On May 8, 2017, the Government filed an Information pursuant to 21 U.S.C. § 851, to establish prior felony convictions. The result of the May 8, 2017 Information was that it doubled the mandatory minimum term of imprisonment for Ponder. Despite this, Ponder still attempted to enter an open plea on May 10, 2017. That open plea hearing was aborted, as the transcript indicates, ECF No. 78, because I rejected Ponder's guilty plea to Count I, and counsel then advised the Court that she had recommended that Ponder not plead guilty to Count II. ECF No. 28 at 28-29. Counsel subsequently contacted my chambers on May 12, 2017 and indicated that she would like a change of plea hearing scheduled because although her client was not willing to admit the factual basis outlined in Count I, she had changed her argument as to why the Court should accept a plea of guilty to Count I. I did not schedule a plea hearing, as I determined and later explained in my May 12, 2017 Order, ECF No. 65, there would still not be a factual basis underlying Ponder's plea as required by Federal Rule of Criminal Procedure 11(c)(3).
[7] ECF Nos. 101 and 102.
[8] ECF No. 106.
[9] ECF No. 107.
[10] ECF No. 120.

## II. DISCUSSION

In sum, counsel argues that the timing of the filings evince a presumption of vindictive prosecution. Thus, it is necessary, as an initial matter, to delineate the timeline in this case.

On March 2, 2016, The Defendants were travelling together on Interstate 80 when their rented vehicle was stopped in Northumberland, County, Pennsylvania by a Pennsylvania State Police Trooper. A subsequent search of the trunk of the vehicle revealed a bag containing approximately 200 grams of heroin. The Defendants were taken into custody that day. The following day, March 3, 2016, a different Pennsylvania State Police Trooper, stationed as a task force officer working with the Federal Bureau of Investigation, filed criminal complaints in the Middle District of Pennsylvania to initiate proceedings against Defendants Ponder and Poland.[11] Both Defendants were indicted by grand jury on March 10, 2016,[12] and both subsequently plead not guilty.[13]

The Government and Defendant Ponder subsequently entered into plea negotiations. Defendant Ponder and his counsel both signed the plea agreement

---

[11] ECF Nos. 1 and 3.
[12] ECF No. 9.
[13] ECF Nos. 22 and 30.

that was offered.[14] However, the plea was conditioned on co-defendant Marvin C. Poland also signing a plea agreement.[15] To date, Defendant Poland has not signed a plea agreement; instead, he has asserted his constitutional right to a jury trial. Accordingly, the Government has not signed the plea agreement with Defendant Ponder. After an in-person status conference on April 10, 2017 with both Defendants' counsel a date certain trial was set for June 19, 2017. At that status conference, Defendant Ponder's counsel indicated to me that Ponder wished to plead guilty.

On May 2, 2017, the Government sent an e-mail to counsel indicating that it would be seeking a superseding indictment expanding the scope of the conspiracy charge in Count I from an alleged start date of February 22, 2016, the date the Defendants rented the vehicle that was stopped on March 2, 2016, back in time to June 2015. In addition to seeking a superseding indictment, the Government also notified counsel in that same e-mail that it would also file an information as to each defendant to establish prior convictions pursuant to 21 U.S.C. § 851, in order to put both Defendants on notice that the statutory mandatory minimum terms of imprisonment would be increased in light of each Defendants' prior felony

---

[14] ECF No. 101 at 3. In her motion, counsel references that the plea agreement is attached as Exhibit A. It is neither attached to the motion nor the brief in support of the motion.
[15] ECF No. 101 at 3.

4

convictions.[16] This notification was made by the Government to defense counsel forty-eight (48) days in advance of the June 19, 2017 date certain trial.

Based on both the impending increased scope of the conspiracy and the filing of the § 851 information, Defendant Ponder's counsel contacted my chambers on or around May 5, 2017, and asked my courtroom deputy to schedule an "open plea" to the indictment. A change of plea hearing for Defendant Ponder was duly scheduled for May 10, 2017. On May 8, 2017, the Government filed the two previously referenced Section 851 informations. Counsel asserts that on May 9, 2017, she was advised that the Government had knowledge of the alleged expanded scope of the conspiracy as early as July of 2016.

On May 10, 2017, the change of plea hearing was held, but subsequently aborted.[17] Defendant Ponder would not admit the factual basis underlying his plea of guilty to Count I. Accordingly, pursuant to Federal Rule of Criminal Procedure 11(b)(3) I found that there was not a factual basis for the plea and did not accept his plea of guilty to Count I.[18] Because I would not accept the plea of guilty to

---

[16] ECF Nos. 53 and 54.
[17] ECF No.78.
[18] *Id.*

Count I, Defendant Ponder's counsel advised him to not enter a plea of guilty to Count II.[19]

On May 11, 2017, a superseding indictment was returned by a grand jury which expanded the duration of the conspiracy alleged in Count I.[20] On or about May 12, 2017, Defendant Ponder's counsel again contacted my chambers and indicated that, despite the superseding indictment and Section 851 information, Defendant Ponder still wished to plead open to both counts charged. However, counsel indicated that Defendant Ponder's asserted factual basis underlying Count I had not changed. I advised by Order that same date that I would not schedule a change of plea hearing.[21]

Defendant Ponder now asserts that the Section 851 information and subsequent superseding indictment were filed in retaliation for his co-defendant, Poland's, assertion of his constitutional right to a trial and for Defendant Ponder's refusal to name Defendant Poland as his co-conspirator.[22]

---

[19] *Id.*
[20] ECF No. 56.
[21] ECF No. 65. Moreover, I wish to make it patently clear to defense counsel that her client may still plead guilty if he so chooses to do so, but I remain obligated by all of the pronouncements set forth in Federal Rule of Criminal Procedure 11 to ensure that it is a knowing and voluntary plea; not a plea resulting from force, threats or promises and with a concordant factual basis underlying his guilty plea.
[22] ECF No. 101 at 8.

I with commence my discussion with consideration of counsel's second argument. Ponder's motion and brief both undercut her argument that the Government only filed the Section 851 information and superseding indictment because Ponder refused to name Poland as his co-conspirator. This was not, in fact, the order of events.

On May 2, 2017, the Government notified counsel that it would seek both a superseding indictment and the Section 851 informations.[23] It was only after that e-mail from the Government that defense counsel contacted the Court to request that I schedule an open change of plea hearing for Defendant Ponder. His first argument fails, as the cause and effect is the inverse of his assertion. It is because the Government notified defense counsel of its intent to file these two documents that Defendant Ponder's counsel requested that a change of plea hearing be scheduled before the Government could file the Section 851 information and superseding indictment against Defendant Ponder. Moreover, as the Government has correctly stated in its brief: "Indeed, it is doubtful that Ponder's careful and experienced defense counsel failed to disclose the risks of an enhanced sentence under § 851 - particularly in view of the alacrity with which he sought to tender an

---

[23] ECF No. 101 at 4 and ECF No. 102 at 4.

open guilty plea to all counts of the indictment when the prospect of an increased prison term gained sharper focus."[24]

I next turn to Defendant Ponder's other argument, namely that I should find vindictive prosecution based on Defendant Poland's assertion of his right to a jury trial and the subsequent Section 851 information and superseding indictment brought by the Government. "The defendant bears the initial burden of proof in a vindictive prosecution claim and is required to establish the appearance of vindictiveness."[25] The Defendant has not persuaded the Court that there is the appearance of vindictiveness in run of the mill charging decisions made by the Government in this case based on timing alone. Moreover, long standing, clear Supreme Court precedent supports my holding today.

In *United States v. Goodwin*, Justice John Paul Stevens writing for the Supreme Court stated, "to punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort."[26] "A vindictive prosecution claim arises when the government pursues prosecution in retaliation for the exercise of a protected statutory or constitutional right."[27] Because "motives are complex and difficult to prove[;] …in certain cases in which action

---

[24] Govt. Br. ECF No. 107 at 6.
[25] *United States v. Schoolcraft,* 879 F.2d 64 (3d Cir. 1989).
[26] *United States v. Goodwin*, 457 U.S. 368, 372 (1982) (internal citation omitted).
[27] *United States v. Falcon*, 347 F.3d 1000, 1004 (7th Cir. 2003).

detrimental to the defendant has been taken after the exercise of a legal right, the Court has found it necessary to 'presume' an improper vindictive motive."[28] "Given the severity of such a presumption, however -- which may operate in the absence of any proof of an improper motive and thus may block a legitimate response to criminal conduct -- the Court has done so only in cases in which a reasonable likelihood of vindictiveness exists."[29] The Court must therefore be mindful that, "when the government brings additional charges before trial, but after the defendant exercises a procedural right, evidence of suspicious timing alone does not indicate prosecutorial animus."[30]

For the first time in *Bodenkircher v. Hayes*[31] the Supreme Court held that the Due Process Clause does not prohibit a prosecutor from carrying out a pretrial threat to bring additional charges against a defendant. Justice Potter Stewart, writing for the court wrote: "Openly present[ing] the defendant with the unpleasant alternatives of forgoing trial or facing charges on which he was plainly subject to prosecution d[oes] not violate the Due Process Clause of the Fourteenth Amendment."[32] *Bodenkircher* held that additional charges brought by a prosecutor are not an impermissible penalty. Indeed, "the imposition of punishment is the very

---

[28] *Goodwin*, 457 U.S. at 373.
[29] *Id.*
[30] *Falcon,* 347 F.3d at 1004.
[31] 343 U.S. 357 (1978).
[32] *Boden kircher v. Hayes*, 434 U.S. 357, 365 (1978).

purpose of virtually all criminal proceedings."[33] "The presence of a punitive motivation, therefore, does not provide an adequate basis for distinguishing governmental action that is fully justified as a legitimate response to perceived criminal conduct from governmental action that is an impermissible response to noncriminal, protective activity."[34]

"To raise a reasonable doubt as to the propriety of charges added before trial, a defendant must affirmatively show through objective evidence that the prosecutorial conduct at issue was motivated by some form of prosecutorial animus, such as a personal stake in the outcome of the case or an attempt to seek self-vindication."[35] "The affirmative showing is necessary because a prosecutor's pretrial decisions, including the choice to seek increased or additional charges, are presumed valid."[36] "To obtain [an] evidentiary hearing ...[defendant] must offer sufficient evidence to raise a reasonable doubt that the government acted properly in bringing the [] charge."[37]

Timing, standing alone, fails to demonstrate vindictiveness. Defense counsel states that the Government acted "on the eve of trial." I find that forty-eight days in advance of trial cannot be classified as the "eve of trial." "Only if a defendant

---

[33] *Goodwin,* 457 U.S. at 372.
[34] *Id,* at 372-3.
[35] *Falcon*, 347 F.3d at 1004 (internal citations omitted).
[36] *Id.*
[37] *Id.*

10

can present evidence other than, or in addition to, timing, will the burden shift to the government to come forward with proof that the motivation behind the charge was proper."[38] Without more, there is no foundation upon which I may find that the Government's filing of Section 851 informations and a superseding indictment with a lengthier conspiracy than that which was originally alleged, was done vindictively.

In Defendant Ponder's reply brief, counsel makes much of two cases from out of circuit lower courts to support his contention that there is a presumption of vindictiveness in this matter. These citations are distinguishable and unpersuasive.

The first case is an unreported decision from a magistrate judge sitting in the Eastern District of California and presiding over a criminal defendant charged with misdemeanor offenses.[39] There, the magistrate judge dismissed a superseding information as violative of the Defendant's due process rights.[40] The magistrate judge "look[ed] as the circumstances as a whole" and decided that there was a reasonable likelihood of vindictiveness because the trial had been set for a date certain in July 2015, and as close as eight days prior to that initial date certain, the

---

[38] *Id.*
[39] *U.S. v. Picou*, 2015 WL 6163423 (E.D. Ca. October 19, 2015 (Boone, M.J.).
[40] *Id.*

11

prosecutor had not filed the additional charges; they were only filed after defendant moved to continue the trial and filed a motion to dismiss.[41]

The magistrate judge found that the timing of the charges, coupled with the lack of facts suggesting that it was only during trial preparation that the Government realized that it could bring charges, suggested a "reasonable likelihood of prosecutorial vindictiveness."[42] After finding a reasonable likelihood of prosecutorial vindictiveness, the magistrate judge should have held a hearing, but he did not, because he found that "the Government forfeited the opportunity to present such evidence by failing to file a timely opposition and filing to establish excusable neglect for their late filing."[43] The magistrate judge continued, "the Court has no choice but to grant the motion to dismiss the superseding information."[44]

Additionally distinguishing the matter at hand from that of the Eastern District of California decision is the fact that, here, no additional charges were brought. The superseding indictment merely expanded the duration of the conspiracy; it did not charge the Defendants with additional counts. The Section 851 notices are required to be filed "before trial, or before entry of a plea of guilty." Thus,

---

[41] *Id.*
[42] *Id.*
[43] *Id.*
[44] *Id.*

whether Defendants Ponder and Poland had plead guilty or gone to trial, the Government was statutorily required to file the Section 851 notices. Moreover, the Defendants and their counsel should have been aware of the prior convictions of Defendants; this is hardly information exclusively in the control of the Government.

The second case Defendant Ponder relies upon (in actuality two cases, an unreported District Court case[45] and subsequent United States Court of Appeals for the Sixth Circuit affirmation[46]) is distinguishable because the superseding indictment against that defendant was returned five days prior to trial, and only after the defense prevailed in a suppression motion. Additionally, this case is distinguishable because the District Court found that the doctrine of vindictive prosecution may apply because the Government added a charge that carried a mandatory minimum, which the original charge did not.[47] Here, the Government did not add charges against Defendants Ponder and Poland, it merely lengthened the duration of the conspiracy in the superseding indictment. Moreover, the Sixth Circuit recognized that "The decision in *Goodwin* stemmed largely from the Supreme Court's understanding of the frequency with which prosecutors must act

---

[45] *U.S. v. Ladeau*, 2012 WL 1640746 (M.D. TN May 9, 2012) (Nixon, J.).
[46] *U.S. v. LaDeau*, 734 F.3d 561 (6th Cir. 2013).
[47] *LaDeau*, 2012 WL 1640746 at * 5.

13

on (and later compensate for) incomplete information or understanding."[48] The Sixth Circuit case cited recognized the principle at issue here: "the Supreme Court long ago adopted the position that the prosecution may legitimately threaten to bring harsher charges in order to induce a defendant into pleading guilty, despite the fact that the harsher charges, if brought, might appear to penalize a defendant for exercising his right to trial."[49]

The United States Court of Appeals for the Third Circuit has stated that for "a defendant to prove vindictiveness on the part of the government for its decision to seek an indictment, he must present objective evidence showing genuine prosecutorial vindictiveness."[50] "Where the government's conduct is attributable to legitimate reasons, we will not apply a presumption of vindictiveness though the defendant may still show actual vindictiveness."[51]

"An initial indictment - from which a prosecutor embarks on a course of plea negotiation - does not necessarily define the extent of the legitimate interest in prosecution."[52] "For just as a prosecutor may forgo legitimate charges already brought in an effort to save the time and expense of trial, a prosecutor may file

---

[48] *LaDeau*, 734 F.3d at 568.
[49] *Id.* at 569 *citing Bodenkircher* at 363-365.
[50] *United States v. Sellers*, 501 F. App'x 194, 197 (3d Cir. 2012) *citing United States v. Spears*, 159 F.3d 1081, 1086 (7th Cir.1998).
[51] *Sellers citing U.S. v. Esposito*, 968 F.2d 300, 305 (3dCir. 1992).
[52] *Goodwin*, 457 U.S. at 380.

additional charges if an initial expectation that a defendant would plead guilty to lesser charges proves unfounded."[53] "In the course of preparing a case for trial, the prosecutor may uncover additional information that suggests a basis for further prosecution or he simply may come to realize that information possessed by the State has a broader significance."[54] "At this stage of the proceedings, the prosecutor's assessment of the proper extent of prosecution may not have crystallized."[55] "A prosecutor should remain free before trial to exercise the broad discretion entrusted to him to determine the extent of the societal interest in prosecution."[56] "An initial decision should not freeze future conduct."[57]

Like the matter at issue in *Goodwin*, "the nature of the right asserted by the [Defendants] confirm that a presumption of vindictiveness is not warranted in this case."[58] "In [not pleading guilty and choosing a jury trial, Defendants] forced the Government to bear the burdens and uncertainty of a trial."[59] The Supreme "Court in *Bodenkircher* made it clear that the mere fact that a defendant refuses to plead

---

[53] *Id.*
[54] *Id.* at 381.
[55] *Id.*
[56] *Id.* at 382.
[57] *Id.*
[58] *Id.*
[59] *Goodwin* 457 U.S. at 382.

15

guilty and forces the government to prove its case is insufficient to warrant a presumption that subsequent changes in the charging decision are unjustified."[60]

### III. CONCLUSION

The Defendants in the case at bar have failed to establish their initial burden of a presumption of vindictiveness. The motion will be denied.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[60] *Goodwin*, 457 U.S. 382.