# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | No.: 4:16-CR-0056 |
| | : | |
| | : | (Judge Brann) |
| v. | : | |
| | : | |
| FRANK PONDER, | : | |
| MARVIN C. POLAND, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

### JUNE 14, 2017

## I. BACKGROUND

Defendants Frank Ponder[1] and Marvin C. Poland[2] were charged by way of indictment on March 10, 2016.[3] A superseding indictment was docketed on May 11, 2017.[4] Both Defendants are charged in Count I, conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846; and Count II, distribution/possession with intent to distribute controlled substances in violation of 21 U.S.C. § 841(a)(1). A jury trial is scheduled for June 19, 2017.

---

[1] Hereinafter "Defendant Ponder."
[2] Hereinafter "Defendant Poland."
[3] ECF No. 9.
[4] ECF No. 56.

On June 3, 2017, Defendant Poland filed a Motion in Limine and contemporaneously filed a supporting brief.[5] The Government did not concur and filed an opposing brief on June 9, 2017.[6] For the reasons that follow, the motion will be denied.

## II. DISCUSSION

Defendants Ponder and Poland were traveling west in a rented vehicle on Interstate 80 on March 2, 2016. Defendant Ponder was driving and Defendant Poland was the passenger. They were pulled over by a Pennsylvania State Police Trooper in Northumberland County, Pennsylvania for traffic violations. During the course of the traffic stop, the trooper smelled the odor of marijuana emanating from the rental vehicle. This odor of marijuana was one of several bases for the trooper to suspect criminal activity. He questioned Defendant Poland, who initially denied possession of anything illegal. However, later in the encounter, the trooper asked if he could pat down Defendant Poland. Poland consented to the pat down and admitted to having a marijuana "roach" in his pocket and of having smoked marijuana previously that day. The trooper subsequently obtained consent from Defendant Ponder to search the vehicle and discovered, secreted in the trunk, approximately 200 grams of heroin.

---

[5] ECF Nos. 111 and 112.
[6] ECF No. 123.

Defendant Poland's counsel has filed the instant motion in limine, together with a rather sparse supporting brief, to "exclude from the evidence at trial any mention of Defendant Poland's admission that he smoked or possessed marijuana on March 2, 2016."[7]  Poland argues that Federal Rule of Evidence 404(b) prohibits the admissibility of this evidence.  I disagree and will deny the motion.  Counsel may, however, request a limiting instruction to be included in the charge.[8]

I start, not with Defendant Poland's unavailing argument, but instead with an unavailing argument from the Government.  The Government first argues, prior to its Rule 404(b) argument, that the evidence is "intrinsic" evidence, and thus, should be admitted.[9]  The United States Court of Appeals for the Third Circuit has recognized intrinsic evidence, but with a vastly limited scope as compared to other circuit courts of appeals.  Judge D. Brooks Smith, writing for the Third Circuit stated:  "we reserve[s] the 'intrinsic' label for two narrow categories of evidence."[10]  "First, evidence is intrinsic if it 'directly proves' the charged offense."[11]  "If uncharged misconduct directly proves the charged offense, it is not evidence of some 'other' crime."[12]  "Second, 'uncharged acts performed

---

[7] ECF No. 11-2 at 1.
[8] *U.S. v. Green*, 617 F.3d 233, 249 (3d Cir. 2010).
[9] The benefit to the Government of my finding the evidence to be intrinsic is two-fold.  First, it would not be under the notice requirements of Fed. R. Evid. 404(b).  Second, Defendant Poland would not be entitled to a limiting/cautionary instruction as he is with Rule 404(b).
[10] *Green*, 617 F.3d at 248.
[11] *Id.* (internal citations omitted).
[12] *Id.*

contemporaneously with the charged crime may be termed intrinsic if they facilitate the commission of the charged crime.'"[13] "But all else must be analyzed under Rule 404(b)."[14]

I find neither circumstance supporting a finding of 'intrinsic evidence' here. Defendant Poland's use and possession of marijuana on March 2, 2016 neither directly proves, nor facilitated the commission of, conspiracy to distribute heroin nor distribution/possession with intent to distribute heroin.

With that said, I note that Rule 404(b)(1) states that "evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Subsection (b)(2) goes on to state:

> This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. On request by a defendant in a criminal case, the prosecutor must: (A) provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and (B) do so before trial - or during trial if the court, for good cause, excuses lack of pretrial notice.

The notes to the rule state that "no mechanical solution is offered."[15] Furthermore, "the determination must be made whether the danger of undue prejudice outweighs the probative value of the evidence in view of the availability

---

[13] *Id. (internal citation omitted).*
[14] *Id.*
[15] Fed. R. Evid. Ann. 404(b) notes.

of other means of proof and other facts appropriate for making decision of this kind under Rule 403."[16] "The admissibility of evidence of uncharged criminal activity is limited only by rule governing unduly prejudicial evidence and is not subject to the limiting requirements of rule governing admission of other crimes evidence."[17]

"Rule 404(b) is a rule of inclusion rather than exclusion."[18] "Although the first sentence of Rule 404(b) is framed restrictively, the rule itself is quite permissive, prohibiting the admission of other crimes evidence in but one circumstance—for the purpose of proving that a person's actions conformed to his character."[19] "The purpose of Rule 404(b) is "simply to keep from the jury evidence that the defendant is prone to commit crimes or is otherwise a bad person, implying that the jury needn't worry overmuch about the strength of the government's evidence."[20]

"To be admissible under Rule 404(b), evidence of uncharged crimes or wrongs must (1) have a proper evidentiary purpose; (2) be relevant; (3) satisfy Rule 403; and (4) be accompanied by a limiting instruction (where requested) about the purpose for which the jury may consider it."[21]

---

[16] *Id.*
[17] *U.S. v. Gilmer*, 534 F.3d 690 (7th Cir. 2008).
[18] *U.S. v. Bowie*, 232 F.3d 923, 929 (D.C. Cir. 2000).
[19] *Id.* at 929-30 (internal citations omitted).
[20] *Green*, 617 F.3d at 249.
[21] *Green*, 617 F.3d at 249 *citing United States v. Butch,* 256 F.3d 171, 175 (3d Cir.2001).

"A proper purpose is one that is "probative of a material issue other than character."[22] "The evidence must fit 'into a chain of logical inferences, no link of which may be the inference that the defendant has the propensity to commit the crime charged.' "[23] "One proper purpose under Rule 404(b) is supplying helpful background information to the finder of fact."[24] Although the Government does not make this particular argument, I find that the evidence is admissible first, for this purpose. Evidence that the vehicle smelled like marijuana and that Defendant Poland eventually admitted to possession of marijuana is background as to why the trooper searched the rental vehicle on March 2, 2016, after stopping the Defendants for minor traffic violations. Members of the jury who may well have been stopped for speeding themselves, would wonder why the trooper here asked to search the vehicle. The odor of marijuana emanating from the vehicle certainly 'completes the story.' Moreover, the Third Circuit has recognized that the Rule 404(b) applies to more than just a Defendant. "[Rule 404(b)] does not specify that evidence is only admissible to prove **the defendant's** motive, opportunity, or intent."[25] Judge Smith cited to UC Davis School of Law Professor Edward J. Imwinkelried in stating that "other crimes evidence may be admissible 'to explain the conduct of the police, ... the victim, an informer, a government witness, or the

---

[22] *Id.* at 250 *citing Huddleston v. U.S.*, 485 U.S. 681, 686 (1988).
[23] *Id. citing U.S. v. Himmelwright*, 42 F.3d 777, 782 (3d Cir.1994).
[24] *Id.*
[25] *Id.* (internal citation omitted) (emphasis in original).

6

defendant.' "[26]  The odor of marijuana explains why the trooper requested a search of the vehicle.

Additionally, although the Government also did not make this argument, Defendant Poland's possession and use of marijuana, and initial denial of his possession of anything illegal, may evidence 'absence of mistake' and 'lack of accident' as cited in Rule 404(b)(2), regarding possession of heroin in the rental vehicle.  Because here Defendants used a rental vehicle, a likely and plausible defense argument may be that the heroin was secreted in the vehicle by a prior renter of the car.  The Government may use Defendant Poland's denial of, then subsequent admission to, possession and use of one illegal substance to show an absence of mistake and lack of accident of the possession and secretion of another illegal substance in the vehicle.

The Government argues that Defendant "Poland's initial false denial of having any illegal items and related admission that he had been smoking marijuana when confronted by the trooper constitutes a false exculpatory statement demonstrating consciousness of guilt under Federal Rule of Evidence 404(b).  "As early as 1896, the U.S. Supreme Court spoke of its use as a foregone conclusion,

---

[26] *Id. citing* Edward J. Imwinkelried, UNCHARGED MISCONDUCT EVIDENCE § 6:12 (2009).

though warned of attaching to it too much significance."[27] "[C]onsciousness of his guilt of the underlying charges, []is a proper purpose under Rule 404(b)."[28] "While Rule 404(b) does not expressly list consciousness of guilt as a permissible purpose for introducing evidence of other crimes or acts, the list of factors articulated within the language of the rule is illustrative rather than exclusive."[29] "It is well-settled that untrue exculpatory statements may be considered as circumstantial evidence of the defendant's consciousness of guilt."[30]

John H. "Wigmore characterizes guilty behavior as retrospectant evidence that can be used to infer guilt."[31] Professor Wigmore writes in EVIDENCE IN TRIALS AT COMMON LAW, as follows:

> The commission of a crime leaves usually upon the consciousness a moral impression that is characteristic. The innocent man is without it; the guilty man usually has it. Its evidential value has never been doubted. The inference from consciousness of guilt to "guilty" is always available in evidence. It is a most powerful one, because the only other hypothesis conceivable is the rare one that the person's

---

[27] Dan E. Stigall, Prosecuting Raskolnikov: A Literary and Legal Look at "Consciousness of Guilt" Evidence, Army Law., December 2005, at 54, 55 citing *Hickory v. U.S.*, 160 U.S. 408 (1896).
[28] *United States v. Kemp*, 500 F.3d 257, 296 (3d Cir. 2007) (internal citations omitted), *and see e.g., United States v. Hayden,* 85 F.3d 153, 159 (4th Cir. 1996); *U.S. v. Guerrero-Cortez,* 110 F.3d 647, 652 (8th Cir.) (acknowledging that "an effort to intimidate a witness tends to show consciousness of guilt" and therefore is admissible under Rule 404(b)); *U.S. v. Mickens,* 926 F.2d 1323, 1329 (2d Cir. 1991) (holding that an effort to intimidate a key Government witness is relevant to the issue of the defendant's state of mind and therefore admissible under Rule 404(b)).
[29] Stigall, *supra.*
[30] *Kemp* 500 F.3d at 296, *citing U.S. v. Rajewski*, 526 F.2d 149, 158 (7th Cir. 1975).
[31] *U.S. v. Baldwin*, 54 M.J. 551, 555 (A.F. Ct. Crim. App. 2000), aff'd, 54 M.J. 464 (C.A.A.F. 2001).

consciousness is caused by a delusion, and not by the actual doing of the act. [32]

I find that the evidence of Defendant Poland's marijuana use is admissible on this basis as well. Defendant Poland is on video[33] denying, then later admitting, that he had both possessed and smoked marijuana on March 2, 2016. His initial denial makes a denial of knowledge of the heroin in the vehicle less probable, and the probative value of the Dostoyevsky-esque initial denial of guilt substantially outweighs the danger of unfair prejudice.

A discussion of Rule 404(b) is incomplete without a contemporaneous examination of Rules 402 and 403. The Court may still exclude the evidence on the basis that it is "unfairly prejudicial, cumulative or the like, its relevance notwithstanding."[34]

The Government argues that Defendant Poland's initial false denial of possession of marijuana demonstrates his "knowing participation in the conspiracy with Ponder to transport drugs and their joint, contemporaneous efforts to facilitate the offense by concealing their connection to the heroin hidden in the rental vehicle."[35] The Government also contends that Defendant "Poland's act of producing the marijuana roach was an adaptive effort to allay the trooper's

---

[32] John H. Wigmore, EVIDENCE IN TRIALS AT COMMON LAW § 173 (1983 ed.).
[33] This video was previously admitted into evidence at the June 7, 2017 suppression hearing.
[34] *Old Chief v. U.S.*, 519 U.S. 172, 179, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997).
[35] Govt. Br. ECF No. 123 at 8.

curiosity and deflect attention from the secreted heroin with actions intended to show that driver and passenger had nothing to hide…[by] diverting attention from the concealed heroin to the less serious, yet still illegal, offense of possessing marijuana"[36] I find that the evidence is relevant and its probative value is not substantially outweighed by that listed in Rule 403 and discussed above.

I admonish the Government now, however, that it may not make a "character argument." That is to say, it may not argue that because Defendant Poland used and possessed marijuana, he must also have possessed and conspired to distribute heroin.

### III. CONCLUSION

In sum, and for the foregoing reasons, I conclude that the evidence is admissible and Defendant Poland's Motion in Limine will be denied. As noted above, Defendant Poland may request that a cautionary/limiting instruction be included in the charge.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[36] *Id.* at 9-10.