**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | No.: 4:16-CR-0056 |
| | : | |
| | : | (Judge Brann) |
| v. | : | |
| | : | |
| FRANK PONDER, | : | |
| MARVIN C. POLAND, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

### JUNE 16, 2017

## I.   BACKGROUND

Defendants Frank Ponder[1] and Marvin C. Poland[2] were charged by way of

indictment on March 10, 2016.[3]  A superseding indictment was docketed on May

11, 2017.[4]  Both Defendants are charged in Count I, conspiracy to distribute

controlled substances in violation of 21 U.S.C. § 846; and Count II,

distribution/possession with intent to distribute controlled substances in violation

of 21 U.S.C. § 841(a)(1).   A jury trial is scheduled for June 19, 2017.

---

[1] Hereinafter "Defendant Ponder."
[2] Hereinafter "Defendant Poland."
[3] ECF No. 9.
[4] ECF No. 56.

On June 9, 2017, Defendant Poland filed a Motion in Limine relating to prior felony convictions and contemporaneously filed a supporting brief.[5]  The Government did not concur, and filed an opposing brief on June 14, 2017.[6]  For the reasons that follow, the motion will be granted in part and denied in part.

## II.   DISCUSSION

Defendant Ponder seeks to have evidence of each of his seven prior felony convictions excluded from use as evidence at trial pursuant to Federal Rule of Evidence 609.  Rule 609, entitled Impeachment by Evidence of a Criminal Conviction states, in relevant part, as follows:

> (a) In General. The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:
>> (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
>>> (A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and
>>> (B) must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and
>> (2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving--or the witness's admitting--a dishonest act or false statement.
>
> (b) Limit on Using the Evidence After 10 Years. This subdivision (b) applies if more than 10 years have passed since the witness's

[5] ECF Nos. 124 and 125.
[6] ECF No. 135.

conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if:

> (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and

> (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

"This rule 'is premised on the common sense proposition that one who has transgressed society's norms by committing a felony is less likely than most to be deterred from lying under oath.'"[7]

"The Advisory Committee Notes for Rule 609(b) emphasize that 'convictions over 10 years old will be admitted very rarely and only in exceptional circumstances.'"[8] The Government has not opposed the exclusion of Defendant Ponder's convictions that are more than ten years old. Accordingly, those stale convictions will be excluded from use at trial pursuant to Rule 609(b).

The Government has, however, opposed exclusion of Defendant Ponder's more recent 2014 felony drug conviction. The notice requirement of Rule 609 does not, of course, apply to those convictions within the past ten years.

In sum, Defendant Ponder was sentenced on November 18, 2014 to a term of 11 ½ months to 23 months imprisonment followed by a term of probation of eight years after pleading guilty to the manufacture, delivery, or possession with intent

---

[7] *U.S. v. Montalban*, 604 F. App'x 100, 102 (3d Cir. 2015) *citing Walden v. Georgia–Pacific Corp.*, 126 F.3d 506, 523 (3d Cir.1997).
[8] *U.S. v. Shannon*, 766 F.3d 346, 352 n. 9 (3d Cir. 2014).

to manufacture and deliver controlled substances in the Court of Common Pleas of Philadelphia County. In that matter, the Philadelphia City Police Department had recovered 63 packets of heroin and a bag of crack cocaine from Defendant Ponder's home.

The United States Court of Appeals for the Third Circuit has identified four factors that a district court should weigh in deciding whether evidence of prior convictions should be admitted pursuant to Rule 609(a)(1): "The kind of crime involved; when the conviction occurred; the importance of the witness' testimony to the case; and the importance of the credibility of the defendant."[9] The Government "bears the burden of persuading the court that the evidence should be admitted, i.e., that its probative value outweighs its prejudicial effect."[10] After the Government makes its case for admission, the defendant is permitted time for rebuttal, "explicating the potentiality for unfair prejudice from admission of the evidence."[11]

---

[9] *Virgin Islands v. Bedford*, 671 F.2d 758, 761 (3d Cir. V.I. 1982) (*citing* Symposium, "The Federal Rules of Evidence," 71 Nw.L.Rev. 634, 661-64 (1977)).

[10] *Id*. *citing U.S. v. Oakes*, 565 F.2d 170 (1st Cir. 1977); *U.S. v. Mahone*, 537 F.2d 922 (7th Cir. 1976).

[11] *Id*. *citing Mahone*, 537 F.2d at 929. However, Defendant Ponder missed the initial pre-trial motion deadline of May 30, 2016, ECF No. 35. During the May 22, 2017 pre-trial conference counsel and the Court agreed that Defendant Ponder's Motion in Limine was to be filed no later than June 7, 2017. ECF No. 91. During the June 7, 2017 suppression hearing counsel requested an extension of time within which to file this and yet another motion. Both the Government and the Court expressed concern, as the Government needed time to reply to the motion and the Court required adequate time to dispose of it. Nonetheless, the extension was granted and the instant motion was filed on June 9, 2017. The Government was given until June 13, 2017 to respond, which left the undersigned with two business days to dispose of the motion prior to

<u>First factor:</u>

"When evaluating the first factor—the kind of crime involved—courts consider both the impeachment value of the prior conviction as well as its similarity to the charged crime."[12] "The impeachment value relates to how probative the prior conviction is to the witness's character for truthfulness."[13] "Crimes of violence generally have lower probative value in weighing credibility, but may still be admitted after balancing the other factors."[14] "In contrast, crimes that by their nature imply some dishonesty, such as theft, have greater impeachment value and are significantly more likely to be admissible."[15] "Prior convictions for the same or similar crimes are admitted sparingly."[16] "The danger of unfair prejudice is enhanced if the witness is the accused and the crime was similar to the crime now charged, since this increases the risk that the jury will draw an impermissible inference under Rule 404(a)."[17]

---

trial. Because the late filing of the motion rests solely on Defendant Ponder, no opportunity for rebuttal will be given.

[12] *U.S. v. Caldwell*, 760 F.3d 267, 286 (3d Cir. 2014).

[13] *Id. citing* Jack B. Weinstein & Margaret A. Berger, WEINSTEIN'S FEDERAL EVIDENCE § 609.06 [3][b] (2d ed.2011).

[14] *Caldwell, supra* at 286.

[15] *Id.*

[16] WEINSTEIN'S FEDERAL EVIDENCE § 609.05[3][d].

[17] *Caldwell*, 760 F.3d at 287 *citing* Wright & Gold, FEDERAL PRACTICE AND PROCEDURE § 6134, at 253.

Here, Defendant Ponder argues that his prior drug conviction "provides little insight into Ponder's propensity to tell the truth."[18]   The Government acknowledged that because the 2014 conviction is the same "kind of crime as the drug distribution offenses charged here…the balance tils in favor of exclusion if the nature of the prior conviction is disclosed to the jury."   The Government proposes, however, that it be permitted to impeach Defendant Ponder with a "sanitized" reference to the 2014 conviction.[19]   Specifically, "the United States proposes that Ponder be impeached with the fact of his 2014 felony conviction alone, without reference to the nature of that drug offense, or any other specific details other than the date and jurisdiction of conviction and the fact that the length of sentence exceeded one year in prison."[20]   Given that proposition by the Government, I will evaluate all the four factors as related to this "sanitized" version of the 2014 conviction.

The Third Circuit has long acknowledged the use of a prior felony conviction "for the purpose of impeaching the credibility of a defendant who takes the stand in a criminal case as a witness in his own defense."[21]   Lower courts have explained further, "relevant to our inquiry with respect to this factor is the similarity of the prior convictions to the charge for which the defendant is currently

[18] Def. Br. ECF No. 125 at 5.
[19] Govt. Br. ECF No. 135 at 1 at 3.
[20] *Id.*
[21] *U.S. v. Remco*, 388 F.2d 783, 785 (3d Cir. 1968).

on trial."[22]  "There is therefore an elevated potential for the jury to draw an impermissible inference if allowed to hear testimony concerning the defendant's prior"[23] drug conviction.  Thus, the Government's 'sanitized' approach is both reasonable and supported by precedent.[24]  This factor therefore favors admission of a sanitized version of Defendant Ponder's 2014 conviction.

Second Factor:

"The second factor is the age of the prior conviction."[25]  "The age of a conviction may weigh particularly in favor of exclusion 'where other circumstances combine with the passage of time to suggest a changed character.'"[26]  "For example, a prior conviction may have less probative value where the defendant-witness has maintained a spotless record since the earlier conviction or where the prior conviction was a mere youthful indiscretion. Conversely, the probative value of an older conviction may remain undiminished if the defendant was recently released from confinement or has multiple intervening

---

[22] *U.S. v. Hart*, 1997 WL 634519, at *2 (E.D. Pa. Oct. 15, 1997) (Hutton, J.).
[23] *Id.*
[24] U.S. v. Cherry,  2010 WL 3156529, at *8 (E.D. Pa. Aug. 10, 2010) (DuBois, J.) (allowing the Government to impeach the Defendant charged with possession of a firearm by a convicted felon with a prior robbery conviction  "sanitized of any reference to the use of a firearm."), and see *U.S. v. Faulk*, 53 F. App'x 644, 645 (3d Cir. 2002) (explaining that permissible questioning typically is limited to the number of convictions, and the nature, time, and date of each; and that the Government generally may not elicit the specific circumstances and details of the conviction.), *U.S. v. Gaston*, 509 Fed. Appx. 158 (3d Cir. 2013) (affirming the District Court's admission of sanitized prior convictions),  *U.S. v. Hursh*, 217 F.3d 761 (9th Cir. 2000) (affirming the District Court's allowance of sanitized Rule 609 evidence).
[25] *Caldwell*, 760 F.3d at 287.
[26] *Id. citing* Wright & Gold at 258.

convictions, both of which could suggest his character has not improved."[27]  The

2014 conviction is now only three years old, and, I note, Defendant Ponder was on

probation for the 2014 conviction when charged with the instant offenses.  The age

of the conviction therefore is relatively recent and favors admission.

Third Factor:

"The third factor inquires into the importance of the defendant's testimony to

his defense at trial."[28] "The fact that a defendant's testimony is important to

demonstrate the validity of his or her defense constitutes a factor weighing against

the admission of a prior conviction."[29]  "If on the other hand, the defense can

establish the subject matter of the defendant's testimony by other means, the

defendant's testimony is less necessary, so a prior conviction is more likely to be

admitted."[30]  Defendant Ponder argues that his testimony is "crucial" to his

defense.[31]  This factor consequently favors not admitting his 2014 heroin

conviction.  However, because the Government has proposed only admission of a

sanitized version of the conviction, as discussed above, without reference to it

being a drug conviction, renders this factor neutral.

---

[27] *Id.*
[28] *Caldwell*, 760 F.3d at 287.
[29] *Id.*
[30] *Id.* at 288 *citing* Weinstein at § 609.05[3][e].
[31] Def. Br. ECF No. 125 at 6.

<u>Fourth Factor:</u>

"The final factor concerns the significance of the defendant's credibility to the case."[32] If Defendant Ponder does indeed testify, his credibility will be at issue because one of his defenses is likely to be that he had no knowledge of heroin secreted in the rented vehicle stopped by the Pennsylvania State Police.   "When the defendant's credibility is a central issue, this weighs in favor of admitting a prior conviction."[33]  "Prior drug convictions [a]re probative of [] credibility."[34] This factor therefore favors admission.

<u>403 Balancing:</u>

"Rule 609 evidence may not be admitted if, under Rule 403, the trial court finds that "its probative value is substantially outweighed by a danger of ... unfair prejudice."[35]  I conclude that the danger of unfair prejudice is mitigated by the Government's sanitized approach.   The Third Circuit has approved this approach explaining that the "District Court minimized any prejudice that may have resulted from the admission of the convictions by limiting the government." [36]

---

[32] *Caldwell*, 760 F.3d at 288.
[33] *Id. citing* Weinstein at § 609.05[3][f].
[34] *U.S. v. Gaston,* 509 F. App'x 158, 160 (3d Cir. 2013).
[35] *U.S. v. McGavitt*, 532 F. App'x 295, 299 (3d Cir. 2013).
[36] *Gaston, supra* at 161.

## III.    CONCLUSION

Having concluded that evidence of Defendant Ponder's 2014 felony

conviction is admissible, should Defendant Ponder testify at trial then either the

Government or Defendant Poland's counsel may attempt to impeach his

credibility pursuant to Federal Rule of Evidence 609 by introducing evidence of

his 2014 conviction.  This may be done without reference to the nature of that drug

offense, or any other specific details aside from the date and jurisdiction of

conviction and the fact that the length of sentence exceeded one year in prison.

An appropriate Order follows.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge