**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | No.: 4:16-CR-0056 |
| | : | |
| | : | (Judge Brann) |
| v. | : | |
| | : | |
| FRANK PONDER, | : | |
| MARVIN C. POLAND, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

**JUNE 16, 2017**

The Court is presented with an eleventh-hour motion rich in accusations but devoid of legal and factual foundation.

## I.    BACKGROUND

Defendants Frank Ponder[1] and Marvin C. Poland[2] were charged by way of indictment on March 10, 2016.[3] An information against each defendant establishing prior convictions of felony drug offense pursuant to 21 U.S.C. §851 was filed on May 8, 2017.[4]  A superseding indictment was returned by a grand jury on May 11, 2017.[5]  Both Defendants are charged in Count I, conspiracy to

---

[1] Hereinafter "Defendant Ponder."
[2] Hereinafter "Defendant Poland."
[3] ECF No. 9.
[4] ECF Nos. 53 and 54.
[5] ECF No. 56.

distribute controlled substances in violation of 21 U.S.C. § 846; and Count II,

distribution/possession with intent to distribute controlled substances in violation

of 21 U.S.C. § 841(a)(1).   A jury trial is scheduled for June 19, 2017.[6]

On June 9, 2017, Defendant Ponder filed a Motion "to Disqualify the Office

of the United States Attorney for the Middle District of Pennsylvania, or in the

alternative, Direct the United States Attorney to Withdraw the 851 Information and

Dismiss the Superseding Indictment due to a Conflict of Interest" and

contemporaneously filed a supporting brief.[7]  The Government filed an opposing

brief on June 14, 2017.[8]

---

[6] In each of Defendant Ponder's several pre-trial motions and briefs he makes much of what he claims is the Court's unwillingness to permit him to enter a plea of guilty.   Counsel misrepresents the facts.   The Government offered Ponder a plea agreement.   However, it was conditional on Defendant Poland also entering a plea.   Poland has exercised his right to a jury trial, and consequently the Government will not sign a plea agreement with Ponder.   Ponder decided to plea "open," that is to say, he was willing to plead guilty without the benefit of a plea agreement.   A change of plea hearing was scheduled for May 10, 2017.   On May 8, 2017, the Government filed an Information pursuant to 21 U.S.C. § 851, to establish prior felony convictions.   The result of the May 8, 2017 Information was that it doubled the mandatory minimum term of imprisonment for Ponder.   Despite this, Ponder still attempted to enter an open plea on May 10, 2017.   That open plea hearing was aborted, as the transcript indicates, ECF No. 78, because I rejected Ponder's guilty plea to Count I, and counsel then advised the Court that she had recommended that Ponder not plead guilty to Count II.   ECF No. 28 at 28-29.   Counsel subsequently contacted my chambers on May 12, 2017 and indicated that she would like a change of plea hearing scheduled because although her client was not willing to admit the factual basis outlined in Count I, she had changed her argument as to why the Court should accept a plea of guilty to Count I.   I did not schedule a plea hearing, as I determined and later explained in my May 12, 2017 Order, ECF No. 65, there would still not be a factual basis underlying Ponder's plea as required by Federal Rule of Criminal Procedure 11(c)(3).
[7] ECF Nos. 126 and 127.
[8] ECF No. 136.

## II. DISCUSSION

The basis for Defendant Ponder's motion is as follows. The Acting United States Attorney for the Middle District of Pennsylvania is Bruce D. Brandler, Esquire. Mr. Brandler was appointed Acting United States Attorney on October 2, 2016, having served as an Assistant United States Attorney in the Middle District since 1986.

Mr. Brandler is approaching the ten year anniversary of the death of his then 16 year old son, Erik Brandler, who died of a heroin overdose on August 19, 2007. Two friends of Erik Brandler were later indicted in the Middle District of Pennsylvania after Erik Brandler's death, but both cases were transferred out of district for prosecution because of the rather obvious conflict of interest with then Assistant United States Attorney Brandler.

Defendant Ponder, an individual wholly unrelated to both the Brandlers as well as the prosecuted friends of Erik Brandler, argues that the sad events described above require the undersigned to disqualify the Office of the United States Attorney for the Middle District of Pennsylvania, or, in the alternative, to order it to dismiss the 21 U.S.C. § 851 information and superseding indictment against him. The lack of foundation for the instant motion defies credulity. That said, I am required to and will endeavor to thoroughly address Defendant Ponder's ill-advised motion.

As has been repeatedly observed, "the court [must] appropriately balance proper considerations of judicial administration against the United States' right to prosecute the matter through counsel of its choice, i.e., the duly appointed United States Attorney."[9] "The disqualification of Government counsel is a drastic measure and a court should hesitate to impose it except where necessary."[10]

Some years ago, the Honorable Deanell Reece Tacha, writing for the United States Court of Appeals for the Tenth Circuit canvassed the law and confirmed how rare and drastic a remedy disqualification is:

> Courts have allowed disqualification of government counsel in limited circumstances. *See, e.g., Young v. United States*, 481 U.S. 787, 807, 107 S.Ct. 2124, 95 L.Ed.2d 740 (1987) (actual conflict of interest because appointed prosecutor also represented another party); *United States v. Heldt*, 668 F.2d 1238, 1275 (D.C.Cir.1981) (bona fide allegations of bad faith performance of official duties by government counsel in a civil case); *United States v. Prantil*, 764 F.2d 548, 552-53 (9th Cir.1985) (prosecutor who will act as a witness at trial). Further, because disqualifying government attorneys implicates separation of powers issues, the generally accepted remedy is to disqualify "a specific Assistant United States Attorney ..., not all the attorneys in" the office. *Crocker*, 159 F.Supp.2d at 1284. In light of these principles, every circuit court that has considered the disqualification of an entire United States Attorney's office has reversed the disqualification. *See Whittaker*, 268 F.3d 185 (3d Cir.2001); *Vlahos*, 33 F.3d 758 (7th Cir.1994); *Caggiano*, 660 F.2d 184 (6th Cir.1981).[11]

---

[9] *U.S. v. Whittaker*, 268 F.3d 185, 193–94 (3d Cir. 2001); *see also U.S. v. Stewart*, 185 F.3d 112, 120 (3d Cir.), *cert. denied*, 528 U.S. 1063 (1999).

[10] *United States v. Bolden*, 353 F.3d 870, 878 (10th Cir. 2003) (internal citation omitted).

[11] *Id.* at 878-79.

4

In the case at bar, Defendant Ponder has not set forth any evidence of actual conflict or bias, nor even the appearance of conflict or bias.   Defendant Ponder has not alleged that he knows the Brandlers or that they know him. Nor has he alleged that he is in any way familiar with the death of Erik Brandler or the two individuals later prosecuted out of District almost a decade ago.

Futhermore, Defendant Ponder has not alleged that Acting United States Attorney Brandler or any member of the Office of United States Attorney have engaged in any unethical behavior in this, or any other federal prosecution. Defendant Ponder has also not explained why the entire United States Attorney's Office would require disqualification.

Underscoring the lack of merit in the instant motion, I note that Defendant Ponder's counsel was also for counsel three defendants prosecuted and sentenced for heroin crimes in the eight months since Mr. Brandler's appointment as Acting United States Attorney; in none of those cases did counsel argue that there was a conflict of interest with Acting United States Attorney Brandler or his office.  To wit:

> Defendant Michael Wright was sentenced to a term of sixty months by my colleague, the Honorable Malachy E. Mannion on December 14, 2016, after pleading guilty to using/carrying a firearm during a drug (heroin) trafficking crime in violation of  18 U.S.C. § 924.

> Defendant Kalonji Jones plead guilty to possession with intent to distribute (heroin) in violation of 21 U.S.C. § 841(a) and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1)

and was sentenced by me on February 3, 2017 to a term of one hundred fifty-one months.

Defendant Latia Gilliland plead guilty to conspiracy to distribute controlled substances (heroin) in violation of 21 U.S.C. § 846 and was sentenced by me on February 14, 2017, to a term of eighteen months imprisonment.

It has also not gone unnoticed by the Court, nor by the Office of the United States Attorney, that the instant motion, filed five business days prior to the date certain jury selection and trial (scheduled on April 11, 2017), was filed "as a last-minute attempt to avoid the significant congressionally prescribed penalties for [Defendant Ponder's] criminal conduct."[12]

Attorney General Jefferson Sessions III recently issued a memo to all federal prosecutors to "charge and pursue the most serious, readily provable offense."[13] Attorney General Sessions went on to state in his memo that "This policy affirms our responsibility to enforce the law, is moral and just, and produces consistency."[14] "If you are a drug trafficker," he said, "we will not look the other way. We will not be willfully blind to your misconduct."[15] Attorney General Sessions also made it clear that he wants this shift in

---

[12] Govt. Br. ECF No. 136 at 1.

[13] http://www.npr.org/sections/thetwo-way/2017/05/12/528086525/sessions-tells-prosecutors-to-seek-most-serious-charges-stricter-sentences (last accessed June 13, 2017).  The memo from Attorney General Sessions was issued May 12, 2017, just after the prosecutor here filed the Section 851 information and superseding indictment.

[14] *Id.*

[15] *Id.*

federal law enforcement policy to be immediate.[16]  Accordingly, even if I were to somehow determine that there was a conflict with the United States Attorney's Office in this District, another district would presumably be no more inclined to dismiss the Section 851 information and superseding indictment.

## III.    CONCLUSION

A balance of considerations leads me to the ineluctable conclusion that there is no basis to disqualify the United States Attorney in this case.  Furthermore, there is no basis, as previously discussed in my June 12, 2017 Memorandum Opinion and Order found at ECF Nos. 129 and 130, to dismiss the superseding indictment and 21 U.S.C. § 851 notice.

It was a waste of judicial resources and time to review this motion, read the papers, conduct legal research, and write this opinion on the eve of trial.  The motion will be denied.

An appropriate Order follows.


BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[16] *Id.*